## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| VICTORIA SOJOURNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:16-cv-03735-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| AUTOZONE STORES LLC and | ) | |
| CPTPNGUIN LLC, | ) | |
| | ) | |
| Defendants. | ) | |

The following matter is before the court on defendant CPTPNGUIN LLC's ("CPTPNGUIN") motion for summary judgment, ECF No. 60, and defendant AutoZone Stores LLC's ("AutoZone") motion for summary judgment, ECF No. 61. For the reasons set forth below, the court grants the motions.

## I. BACKGROUND

This is a premises liability case, and the material facts are uncontroverted. On September 2, 2015, plaintiff Victoria Sojourner ("Sojourner") was walking from a bus stop to work and cut through the lawn on AutoZone's property. AutoZone's property is located on the corner of an intersection, and instead of walking along the sidewalk, she walked across the lawn. Sojourner had no plans to go into AutoZone's store or conduct any sort of business with AutoZone. While walking through AutoZone's property, Sojourner stepped in a hole that was covered by grass and injured her leg.

AutoZone's store manager Michael Pounds ("Pounds") testified that he conducts daily inspections of AutoZone's property for dangerous conditions, including a visual inspection of the lawn. He explained that AutoZone contracted with Magic Touch Lawn

1

Care Service Company ("Magic Touch Lawn Care") to maintain the lawn, and that AutoZone did not know the hole existed until Sojourner stepped in it. Moreover, Pounds stated that the lawn was not intended to be a walkway, and he had never seen anyone walk through the lawn.

Sojourner brought suit on November 28, 2016 against AutoZone and CPTPNGUIN, the owner and lessor of the property. In her amended complaint, Sojourner alleges that AutoZone and CPTPNGUIN (collectively, "defendants") were "negligent, grossly negligent, negligent per se, willful, wanton, and reckless" by failing to maintain the property in a safe condition and by creating a dangerous condition, among other allegations. ECF No. 9 at 2. Discovery was completed on August 24, 2018, and on September 7, 2018, defendants filed their respective motions for summary judgment, ECF Nos. 60 and 61. Sojourner responded to the motions on September 21, 2018, ECF No. 64, and defendants individually replied on September 28, 2018, ECF Nos. 65 and 68. The motions are ripe for review.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Rule 56(c) of the Federal Rules of Civil Procedure requires that the district court enter judgment against a party who, 'after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 190 (4th Cir. 1997) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Any reasonable inferences are to be drawn in favor

2

of the nonmoving party.  See Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012).  However, to defeat summary judgment, the nonmoving party must identify an error of law or a genuine issue of disputed material fact.  See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); see also Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003).

Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.  See Anderson , 477 U.S. at 252; Stone, 105 F.3d at 191.  Rather, "a party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'"  Bouchat, 346 F.3d at 522 (quoting Fed. R. Civ. P. 56(e) (2002) (amended 2010)).  If the adverse party fails to provide evidence establishing that the factfinder could reasonably decide in his favor, then summary judgment shall be entered "regardless of '[a]ny proof or evidentiary requirements imposed by the substantive law.'"  Id. (quoting Anderson, 477 U.S. at 248).

### III.  DISCUSSION

First, AutoZone argues that it is entitled to summary judgment because there is no genuine dispute as to any material fact, and that regardless of Sojourner's status and the duty owed to her, AutoZone did not breach its duty.  CPTPNGUIN incorporates all of AutoZone's arguments into its motion for summary judgment and raises an additional argument that there is simply no evidence that CPTPNGUIN was negligent.  Finally, in her response to defendants' motions, Sojourner requests additional time to complete discovery.

### A. Duty and Breach

The key issues here are what duty defendants owed to Sojourner and whether they breached it. Sojourner argues that she was an invitee on defendants' property and that defendants breached their duty to warn of and remove unsafe conditions. Defendants argue that Sojourner's claim fails for two reasons. First, defendants argue that, assuming Sojourner was an invitee, Sojourner has presented no evidence that defendants had actual or constructive notice of the hole, which Sojourner must show in order to prove that defendants breached their duty to her. Second, defendants contend that Sojourner was actually a licensee, not an invitee, and therefore defendants owed her no duty to discover hidden dangers.

A federal court sitting in diversity jurisdiction applies the law of the state in which it sits. Stahle v. CTS Corp., 817 F.3d 96, 99–100 (4th Cir. 2016). In South Carolina, to bring a successful negligence claim, a plaintiff must demonstrate that (1) the defendant owed her a duty of care; (2) the defendant breached this duty; (3) the breach proximately caused the plaintiff's injuries; and (4) the plaintiff suffered an injury. Dorrell v. S.C. Dep't of Transp., 605 S.E.2d 12, 15 (S.C. 2004). One specific theory of negligence is premises liability, which "establishes the duty owed to someone injured on a landowner's property as a result of conditions or activities on the land." Callum v. CVS Health Corp., 137 F. Supp. 3d 817, 858 (D.S.C. 2015) (citing Singleton v. Sherer, 659 S.E.2d 196, 204 (S.C. Ct. App. 2008)). While a landowner owes a "duty to exercise ordinary care to keep the premises in a reasonably safe condition," he does not have "to maintain the premises in such a condition that no accident could happen to a patron using them." Denton v. Winn-Dixie Greenville, Inc., 439 S.E.2d 292, 293 (S.C. Ct. App. 1993).

The nature and extent of the duty a landowner owes to a person depends on the person's status. Here, Sojourner contends that her status was that of an invitee, while defendants instead contend that Sojourner was a licensee. "'The existence of a duty owed is a question of law' for the Court to determine." Daniels v. Food Lion, LLC, 2018 WL 5762081, at *5 (D.S.C. Nov. 2, 2018) (quoting Houck v. State Farm Fire & Cas. Ins. Co., 620 S.E.2d 326, 329 (S.C. 2005)).

An invitee is "one who enters upon the premises of another at the express or implied invitation of the occupant, especially where he is on a matter of mutual interest or advantage." Crocker v. Barr, 409 S.E.2d 368, 371 (S.C. 1991). The duty owed to an invitee is the duty to exercise reasonable care. Sides v. Greenville Hosp. Sys., 607 S.E.2d 362, 364 (S.C. Ct. App. 2004). In addition, "[t]he landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice." Taylor v. United States, 2015 WL 4744542, at *2 (D.S.C. Aug. 11, 2015) (citing Larimore v. Carolina Power & Light, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000)).

In contrast, "[a] licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent." Singleton, 659 S.E.2d at 203. "When a licensee enters onto the property of another, the primary benefit is to the licensee, not the property owner." Sims v. Giles, 541 S.E.2d 857, 863 (S.C. Ct. App. 2001) (citations omitted). As such, "[t]he basic distinction between a licensee and an invitee is that an invitee confers a benefit on the landowner." Landry v. Hilton Head Plantation Prop. Owners Ass'n, Inc., 452 S.E.2d 619, 621 (S.C. Ct. App. 1994). The duty owed to a licensee is the duty "[t]o use reasonable care to discover [the licensee] and avoid injury to

him in carrying on activities upon the land" as well as "[t]o use reasonable care to warn him of any concealed dangerous conditions or activities which are known to the possessor." Sims, 541 S.E.2d at 864. A landowner's duty to a licensee is different from the duty owed to an invitee because the landowner does not owe a duty to licensees "to search out and discover dangers or defects in the land or to otherwise make the premises safe." Singleton, 659 S.E.2d at 204. As such, a landowner owes a greater duty of care to an invitee than he does to a licensee.

Notably, only two depositions were taken in this case—the depositions of Sojourner and Pounds—and there appears to be no factual conflicts in the testimony. Here, defendants argue that Sojourner was a licensee because she entered onto defendants' property for her own benefit—to walk to work—as opposed to Sojourner's and defendants' mutual benefit. Defendants cite to Sojourner's undisputed testimony stating that she had no intention of conducting any business with AutoZone to show that Sojourner did not intend to confer a benefit on defendants and therefore was not an invitee. Sojourner contends that she was an invitee because, as business operators, defendants extended an implied invitation to the public to enter its property, and as soon as she stepped onto defendants' property, she became a "potential customer." ECF No. 64 at 4–5. The court finds it unnecessary to determine Sojourner's status, because presuming that defendants owed her the duty of care owed to an invitee—a higher burden than owed to a licensee—the court finds that defendants did not breach their duty to Sojourner.

The more stringent of the duties exists for invitees because it requires landowners to warn of concealed dangers of which the landowner has actual or constructive notice, as

opposed to the duty for licensees, which only requires warning of concealed dangers actually known to the landowner. As such, the court will only address the issue of whether defendants had actual or constructive notice of the hole.

Uncontroverted evidence shows that AutoZone did not have actual notice of the hole, as Pounds testified that he did not know about the hole, and Sojourner provides no evidence that defendants knew about the hole. Moreover, there is no evidence to suggest that defendants had constructive notice of the hole. Constructive notice of a danger exists when a landowner has enough reason to believe that the danger may exist. See Wimberly v. Winn-Dixie Greenville, Inc., 165 S.E.2d 627, 630 (S.C. 1969) (explaining that constructive notice asks "whether there was evidence from which the jury might reasonably infer that the defendant, by the exercise of reasonable diligence, should have known of" the danger that harmed the plaintiff). For example, in Fickling v. City of Charleston, 643 S.E.2d 110 (S.C. Ct. App. 2007), the Court of Appeals for South Carolina held that the City of Charleston had constructive notice of a hole in a sidewalk because there were numerous city personnel in the area who could have seen the hole, the hole had been there for a while, the city had a policy to deal with defects in the sidewalks, and problems with sidewalks were frequent. Id. at 116–17. In contrast, here Pounds testified that he had never seen anyone cut through the lawn, there had never been holes in the lawn in the past, and despite Pounds's visual inspection and Magic Touch Lawn Care's maintenance of the lawn, no one knew about the hole. There is simply no evidence that defendants had constructive notice of the hole. As such, defendants had no duty to warn Sojourner of the hole, and there is no evidence that defendants acted

unreasonably in maintaining their premises. Therefore, regardless of Sojourner's status, defendants did not breach any duty to Sojourner.

### B. CPTPNGUIN as a Defendant

In addition to adopting AutoZone's summary judgment arguments, CPTPNGUIN also asserts that there is simply no evidence that CPTPNGUIN was negligent. In her response, Sojourner repeatedly refers to "defendants," yet she does not show how CPTPNGUIN, as the owner and lessor of the property, owed any duty to Sojourner. It appears that Sojourner is arguing that CPTPNGUIN, by virtue of the fact that it owns the property, owed a duty to maintain the property in a safe condition. In her amended complaint, Sojourner also generally mentions the concepts of respondeat superior and agency. ECF No. 9 at 4. However, the Supreme Court of South Carolina has explicitly held that in the context of commercial leases, a lessor owes no duty to ensure the leased property is maintained in a safe condition after the lessee takes possession of the property. Byerly v. Connor, 415 S.E.2d 796, 798 (S.C. 1992). As such, in addition to the reasons stated above, CPTPNGUIN is entitled to summary judgment as a matter of law.

### C. Additional Time for Discovery

In her response to defendants' motions, Sojourner requests additional time for discovery. However, Sojourner also filed a separate motion requesting additional time for discovery, ECF No. 64, which the court has already denied, ECF No. 71. Therefore, the request is moot.

## IV.  CONCLUSION

For the reasons set forth above, court **GRANTS** the motions for summary judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**November 20, 2018
Charleston, South Carolina**